UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| PIERRE CASTILLO,<br><br>                        Plaintiff,<br><br>  -against-<br><br>THREE STAR ON FIRST INC. d /b /a THREE STAR DINER, IOANNIS KIRIAKAKIS, GEORGIA I. KIRIAKAKIS, and JIMMY KIRIAKAKIS,<br><br>                        Defendants. | **COMPLAINT**<br><br>**ECF CASE**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff Pierre Castillo ("Castillo," or "Plaintiff"), by his attorneys Braverman Law PC, complaining of Defendants Three Star on First Inc. d/b/ a Three Star Diner ("Three Star Diner"), Ioannis Kiriakakis, Georgia I. Kiriakakis, and Jimmy Kiriakakis (collectively referred to as "Defendants"), alleges:

NATURE OF THE ACTION

1. Castillo worked at Defendants' restaurant, Three Star Diner, as a dishwasher and delivery person for approximately 12 years. Throughout his employment, Defendants failed to pay Castillo minimum wages, overtime wages, and other monies pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq*. ("FLSA"), and section 190 *et seq*. of the New York Labor Law ("NYLL"). Additionally, Defendants failed to provide Plaintiff with a wage notice upon hiring and have failed to provide accurate weekly wage statements.

2. Defendants systematically ignored the requirements of the FLSA and NYLL. Plaintiff seeks injunctive and declaratory relief against Defendants' unlawful actions, compensation for unpaid minimum wages, overtime wages, liquidated damages, compensatory damages, pre- and post-judgment interest, and attorneys' fees and costs pursuant to the FLSA and NYLL.

## JURISDICTION

3. This Court has subject matter jurisdiction of this case pursuant to 29 U.S.C. § 216(b), 28 U.S.C. §§ 1331 and 1337, and has supplemental jurisdiction over Castillo's claims under the NYLL pursuant to 28 U.S.C. § 1367.

## VENUE

4. Venue is proper in the Southern District of New York pursuant to 28 U.S.C. § 1391 because Three Star Diner is located in the Southern District of New York.

## THE PARTIES

**Plaintiff Pier Castillo**

5. Plaintiff Castillo resides in Queens, New York.

6. Defendants employed Castillo primarily as a dishwasher, and secondarily as a delivery person, from approximately 2006 through on or about July 12, 2018.

**Defendant Three Star on First Inc.**

7. Defendant Three Star on First Inc. owns and operates Three Star Diner, a restaurant located on 1462 First Avenue, New York, New York 10075 that is open 24 hours per day.

8. Defendant Three Star on First Inc. d /b / a Three Star Diner is an "enterprise engaged in interstate commerce" within the meaning of the FLSA.

9. Defendant Three Star on First Inc. has employees engaged in commerce or in the production of goods for commerce and handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person.
Within the three years preceding the filing of this Complaint, Three Star on First Inc. has had an annual gross volume of sales in excess of $500,000.

**Defendant Ioannis Kiriakakis**

10. Defendant Ioannis Kiriakakis (a.k.a. John Kiriakakis) is chief executive officer of Three Star on First Inc.

11. Ioannis Kiriakakis hires and fires employees, sets their wage rates, sets their schedules, and directs their work duties.

12. Throughout Castillo's employment, Ioannis Kiriakakis has been present at Three Star Diner as the day shift manager.

13. Ioannis Kiriakakis hired Castillo.

14. Ioannis Kiriakakis exercises sufficient control over Three Star Diner's operations to be considered Plaintiff's employer under the FLSA and NYLL.

**Defendant Georgia I. Kiriakakis**

15. Defendant Georgia I. Kiriakakis is a manager at Three Star Diner.

16. Throughout Castillo's employment, Georgia I. Kiriakakis has been present at Three Star Diner throughout the day and supervises the work done by employees.

17. Georgia I. Kiriakakis has directed the work duties of Castillo.

18. Georgia I. Kiriakakis disciplines employees at Three Star Diner.

19. Georgia I. Kiriakakis exercises sufficient control over Three Star Diner's operations to be considered Plaintiff's employer under the FLSA and NYLL.

**Defendant Jimmy Kiriakakis**

20. Upon information and belief, Defendant Jimmy Kiriakakis is an owner of Three Star on First Inc.

21. Jimmy Kiriakakis hires and fires employees, sets their wage rates, sets their schedules, and directs their work duties.

22. Throughout Castillo's employment, Jimmy Kiriakakis has been present at Three Star Diner as the night shift manager.

23. Upon information and belief, Ioannis Kiriakakis and Georgia I. Kiriakakis regularly consult with Jimmy Kiriakakis prior to making final decisions regarding the employees at Three Star Diner.

24. Jimmy Kiriakakis determines the wage rate paid to employees of Three Star Diner.

25. Jimmy Kiriakakis exercises sufficient control over Three Star Diner's operations to be considered Plaintiff's employer under the FLSA and NYLL.

PLAINTIFF'S EMPLOYMENT WITH DEFENDANTS

**Plaintiff's hours worked**

26. From approximately the beginning of 2012 through approximately December 2017, Castillo worked six days a week, usually taking off Wednesdays

27. Castillo's usual schedule during this time period was as follows: Mondays, from 10 a.m. to 8 p.m.; Tuesdays, from 10 a.m. to 8 p.m.; Thursdays, from 8 p.m. to 6 a.m., Fridays, from 7 p.m. to 5 a.m., Saturdays, from 7 p.m. to 5 a.m., and Sundays from 5 p.m. to 10 p.m.

28. Beginning on or about January 1, 2018, Castillo's schedule changed such that he worked as follows: Mondays, from 12 p.m. to 10 p.m., Tuesdays, from 11 a.m. to 7 p.m., Thursdays from 6 p.m. to 2 a.m. and Fridays from 7 p.m. to 3 a.m.

29. With the changed schedule he worked approximately 41 hours per week.

30. Throughout his employment, Castillo has been a covered, non-exempt employee within the meaning of the FLSA and NYLL.

31. Castillo spent the majority of his time doing dishwashing and other cleaning work in the kitchen.

32. Castillo also did deliveries, which ordinarily occupied no more than four hours of his workday.

**Defendants' Failed to Pay Overtime Wages. and Failed to Provide Paystubs or Other Required Notices.**

33. From approximately the beginning of 2012 until December 31, 2017, Castillo was paid at the rate of $350.00 per week, with no accompanying documentation or explanation of his wages.

34. Castillo was paid this weekly salary in cash.

35. When Castillo's schedule changed at the beginning of 2018, he was paid the same except that he received payment via check.

36. At all times relevant to this Complaint, Defendants knew that Castillo was working more than forty hours in a workweek, but despite this fact did not pay him at the rate of one-and-one-half times his regular hourly rate for all hours over forty in a workweek.

37. Castillo was not paid an extra hour of wages at the full minimum wage rate on days that their shifts span more than ten hours, as required by the NYLL.

38. Defendants have not furnished Castillo with accurate wage statements with each payment of wages as required by the NYLL.

39. Defendants have not furnished Castillo with wage notices as required by the NYLL.

## FIRST CLAIM
(Fair Labor Standards Act – Unpaid Minimum Wage)

40. Castillo repeats and realleges all forgoing paragraphs as if set forth herein.

41. Defendants are employers within the meaning of 29 U.S.C. §§ 201, *et seq*.

42. Defendants were required to pay Castillo the applicable minimum wage rate for each hour that he worked.

43. Defendants failed to pay Castillo the minimum wages to which he was entitled under the FLSA.

44. Defendants were aware or should have been aware that the practices described in this Complaint were unlawful and have not made a good faith effort to comply with the FLSA with respect to the compensation of Castillo.

45. As a result of Defendants' willful violations of the FLSA, Castillo has suffered damages by being denied minimum wages in accordance with the FLSA in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, attorneys' fees and costs of this action, and other compensation pursuant to 29 U.S.C. § 216(b).

## SECOND CLAIM
(New York Labor Law – Unpaid Minimum Wage)

46. Castillo repeats and realleges all forgoing paragraphs as if set forth herein.

47. Defendants are employers within the meaning of the NYLL §§ 190 *et seq.*, 651(5), and 652, and supporting New York State Department of Labor Regulations.

48. Defendants failed to pay Castillo the minimum wages to which he was entitled under the NYLL.

49. Defendants have willfully violated the NYLL by knowingly and intentionally failing to pay Castillo minimum hourly wages.

50. As a result of Defendants' willful violations of the NYLL, Castillo has suffered damages by being denied minimum wages in accordance with the NYLL in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, pre- and post-judgment interest, and attorneys' fees and costs of this action.

## THIRD CLAIM
(Fair Labor Standards Act — Unpaid Overtime)

51. Castillo repeats and realleges all forgoing paragraphs as if set forth herein.

52. Defendants were required to pay Castillo one-and-one-half times his regular rate of pay for all hours worked in excess of forty hours in a workweek pursuant to the overtime

wage provisions of 29 U.S.C. § 207, *et seq.*

53. Defendants failed to pay Castillo the overtime wages to which he was entitled under the FLSA.

54. Defendants willfully violated the FLSA by knowingly and intentionally failing to pay Castillo overtime wages.

55. Due to Defendants' violations of the FLSA, Castillo is entitled to recover his unpaid overtime wages, liquidated damages, reasonable attorneys' fees and costs of the action, and pre- and post-judgment interest.

## FOURTH CLAIM
(New York Labor Law — Unpaid Overtime)

56. Castillo repeats and realleges all forgoing paragraphs as if set forth herein.

57. Under the NYLL and supporting New York State Department of Labor Regulations, Defendants were required to pay Castillo one-and-one-half times the regular rate of pay for all hours that he worked in excess of forty in a workweek.

58. Defendants failed to pay Castillo the overtime wages to which he was entitled under the NYLL.

59. Defendants willfully violated the NYLL by knowingly and intentionally failing to pay Castillo overtime wages.

60. Due to Defendants' willful violations of the NYLL, Castillo is entitled to recover his unpaid overtime wages, reasonable attorneys' fees and costs of the action, liquidated damages, and pre- and post-judgment interest.

## FIFTH CLAIM
(New York Labor Law — Wage Theft Prevention Act)

61. Castillo repeats and realleges all forgoing paragraphs as if set forth herein.

62. The NYLL and Wage Theft Prevention Act ("WTPA") require employers to

provide all employees with a written notice of wage rates at the time of hire and whenever there is a change to an employee's rate of pay. From its enactment on April 9, 2011, through 2014, the Wage Theft Prevention Act also required employers to provide an annual written notice of wages to be distributed on or before February 1 of each year of employment.

63. The NYLL and WTPA also require employers to provide employees with an accurate wage statement each time they are paid.

64. Throughout Castillo's employment with Defendants, Defendants paid him without providing a wage statement accurately listing: the overtime rate or rates of pay; the number of regular hours worked, and the number of overtime hours worked; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; and net wages.

65. In violation of NYLL § 191, Defendants failed to furnish to Castillo at the time of hiring, whenever there was a change to his rates of pay, and on or before February 1 of each year of employment through 2014, wage notices containing the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer in accordance with NYLL § 191; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer, and anything otherwise required by law; in violation of the NYLL § 195(1).

66. Defendants failed to furnish Castillo with each payment of wages an accurate statement listing: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; the regular hourly

8

rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked, and the number of overtime hours worked; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; and net wages; in violation of the NYLL § 195(3).

67. Due to Defendants' violation of NYLL § 195(1), Castillo is entitled to recover from Defendants liquidated damages of $50 per day that the violation occurred, up to a maximum of $5,000, reasonable attorneys' fees, and costs and disbursements of the action, pursuant to the NYLL § 198(1-b).

68. Due to Defendants' violation of NYLL § 195(3), Castillo is entitled to recover from Defendants liquidated damages of $250 per workweek that the violation occurred, up to a maximum of $5,000, reasonable attorney's fees, and costs and disbursements of the action, pursuant to the NYLL § 198(1-b).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter a judgment:

a.  declaring that Defendants have violated the minimum wage and overtime wage provisions of the FLSA and the NYLL;

b.  declaring that Defendants violated the notice provisions of the NYLL and WTPA;

c.  declaring that Defendants' violations of the FLSA and NYLL were willful;

d.  enjoining future violations of the FLSA and NYLL by Defendants;

e.  awarding Plaintiff damages for unpaid minimum and overtime wages;

f.  awarding Plaintiff liquidated damages pursuant to the FLSA and the NYLL;

g.  awarding Plaintiff liquidated damages as a result of Defendants' failure to furnish wage statements and annual notices pursuant to the NYLL;

h.  awarding Plaintiff pre- and post-judgment interest under the NYLL;

i.  awarding Plaintiff's reasonable attorneys' fees and costs pursuant to the FLSA

    and the NYLL; and

j.  awarding such other and further relief as the Court deems just and proper.

Dated: New York, New York
    October 18, 2018

                BRAVERMAN LAW PC

                By: _____
                  Adam Braverman
                450 Seventh Avenue, Suite 1308
                New York, New York 10123
                Tel.: (212) 206-8166
                adam@bravermanlawfirm.com

                *Attorneys for Plaintiff Pierre Castillo*