**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------------------X

PIERRE CASTILLO,                                    Docket No.: 18-cv-9605 (AJN)

                                    Plaintiff,

   - against -

THREE STAR ON FIRST INC. d/b/a THREE STAR
DINER, IOANNIS KIRIAKAKIS, GEORGIA I.                **ANSWER TO COMPLAINT**
KIRIAKAKIS and JIMMY KIRIAKAKIS,                     **WITH AFFIRMATIVE**
                                                      **DEFENSES**
                                    Defendants.

-------------------------------------------------------------------X

Defendants, Three Star on First Inc. d/b/a Three Star Diner ("Three Star"), Ioannis Kiriakakis ("Ioannis"), Georgia I. Kiriakakis ("Georgia") and Jimmy Kiriakakis ("Jimmy" and, along with Three Star, Ioannis and Georgia, collectively referred to herein as "Defendants"), by and through their attorneys, Peckar & Abramson, P.C., hereby answer the Complaint of Plaintiff, Pierre Castillo ("Plaintiff") as follows:

<u>**NATURE OF THE ACTION**</u>

1.    In response to the allegations contained in Paragraph 1 of the Complaint, Defendants admit that Plaintiff was employed at Three Star at all relevant times. Defendants deny all remaining allegations contained in Paragraph 1 of the Complaint.

2.    Defendants deny the allegations contained in Paragraph 2 of the Complaint.

<u>**JURISDICTION**</u>

3.    The allegations contained in Paragraph 3 of the Complaint contain legal conclusions to which no response is required from Defendants, except that Defendants admit that this Court has subject matter jurisdiction.

LAW OFFICES

Peckar &
Abramson
A Professional Corporation

1

## VENUE

4.      The allegations contained in Paragraph 4 of the Complaint contain legal conclusions to which no response is required from Defendants, except that because Three Star is located in the Southern District of New York, venue is proper in this Court.

## THE PARTIES

5.      Defendants lack sufficient information to admit or deny the allegations contained in Paragraph 5 of the Complaint.

6.      Defendants admit the allegations contained in Paragraph 6 of the Complaint.

7.      Defendants admit the allegations contained in Paragraph 7 of the Complaint.

8.      The allegations contained in Paragraph 8 of the Complaint contain legal conclusions to which no response is required from Defendants.

9.      The allegations contained in Paragraph 9 of the Complaint contain legal conclusions to which no response is required from Defendants.

10.      Defendants admit the allegations contained in Paragraph 10 of the Complaint.

11.      Defendants admit the allegations contained in Paragraph 11 of the Complaint.

12.      Defendants admit the allegations contained in Paragraph 12 of the Complaint.

13.      Defendants admit the allegations contained in Paragraph 12 of the Complaint.

14.      In response to Paragraph 14 of the Complaint, Defendants solely admit that Ioannis manages the wait staff at Three Star and otherwise leaves Plaintiff to his proofs.

15.      Defendants admit the allegations contained in Paragraph 15 of the Complaint.

16.      Defendants deny the allegations contained in Paragraph 16 of the Complaint.

17.      Defendants admit the allegations contained in Paragraph 17 of the Complaint.

18.      Defendants deny the allegations contained in Paragraph 18 of the Complaint.

LAW OFFICES

Peckar &
Abramson
A Professional Corporation

19.     Defendants deny the allegations contained in Paragraph 19 of the Complaint.

20.     Defendants deny the allegations contained in Paragraph 20 of the Complaint.

21.     Defendants deny the allegations contained in Paragraph 21 of the Complaint.

22.     Defendants deny the allegations contained in Paragraph 22 of the Complaint.

23.     Defendants deny the allegations contained in Paragraph 23 of the Complaint.

24.     Defendants deny the allegations contained in Paragraph 24 of the Complaint.

25.     Defendants deny the allegations contained in Paragraph 25 of the Complaint.

PLAINTIFF'S EMPLOYMENT WITH DEFENDANTS

26.     Defendants deny the allegations contained in Paragraph 26 of the Complaint and leave Plaintiff to his proofs.

27.     Defendants deny the allegations contained in Paragraph 27 of the Complaint and leave Plaintiff to his proofs.

28.     Defendants deny the allegations contained in Paragraph 28 of the Complaint and leave Plaintiff to his proofs.

29.     Defendants deny the allegations contained in Paragraph 29 of the Complaint and leave Plaintiff to his proofs.

30.     The allegations contained in Paragraph 30 contain legal conclusions to which no response is required from Defendants.

31.     Defendants admit the allegations contained in Paragraph 31 of the Complaint.

32.     Defendants admit the allegations contained in Paragraph 32 of the Complaint.

33.     Defendants deny the allegations contained in Paragraph 33 of the Complaint and leave Plaintiff to his proofs.

LAW OFFICES

Peckar &
Abramson

A Professional Corporation

34.     In response to Paragraph 34 of the Complaint, Defendants admit that Plaintiff was paid in cash every week but deny allegation that Plaintiff was not properly paid in accordance with any prevailing statutes or regulations.

35.     In response to Paragraph 35 of the Complaint, Defendants admit that Plaintiff was paid via check starting in 2018 but deny the remaining allegations.

36.     Defendants deny the allegations contained in Paragraph 36 of the Complaint.

37.     Defendants deny the allegations contained in Paragraph 37 of the Complaint.

38.     Defendants deny the allegations contained in Paragraph 38 of the Complaint.

39.     Defendants deny the allegations contained in Paragraph 39 of the Complaint.

## FIRST CLAIM
### (Fair Labor Standards Act – Unpaid Minimum Wage)

40.     Defendants repeat and reallege their responses to Paragraphs 1 through 39 of the Complaint as if fully set forth herein.

41.     The allegations contained in Paragraph 41 of the Complaint contain legal conclusions to which no response is required from Defendants. To the extent a response is required, Defendants admit that Plaintiff was employed by Three Star.

42.     The allegations contained in Paragraph 42 of the Complaint contain legal conclusions to which no response is required from Defendants.  To the extent a response is required, Defendants admit that the FLSA requires employers to pay employees a minimum wage for all hours worked but otherwise deny any allegation that Defendants violated the FLSA.

43.     Defendants deny the allegations contained in Paragraph 43 of the Complaint.

44.     Defendants deny the allegations contained in Paragraph 44 of the Complaint.

45.     Defendants deny the allegations contained in Paragraph 45 of the Complaint.

LAW OFFICES

Peckar &
Abramson
A Professional Corporation

## SECOND CLAIM
### (New York Labor Law – Unpaid Minimum Wage)

46.     Defendants repeat and reallege their responses to Paragraphs 1 through 45 of the Complaint as if fully set forth herein.

47.     The allegations contained in Paragraph 47 of the Complaint contain legal conclusions to which no response is required from Defendants.

48.     Defendants deny the allegations contained in Paragraph 48 of the Complaint.

49.     Defendants deny the allegations contained in Paragraph 49 of the Complaint.

50.     Defendants deny the allegations contained in Paragraph 50 of the Complaint.

## THIRD CLAIM
### (Fair Labor Standards Act – Unpaid Overtime)

51.     Defendants repeat and reallege their responses to Paragraphs 1 through 50 of the Complaint as if fully set forth herein.

52.     The allegations contained in Paragraph 52 of the Complaint contain legal conclusions to which no response is required from Defendants.  To the extent a response is required, Defendants admit that the FLSA requires employers to pay non-exempt employees an overtime wage for all hours worked over 40 hours per week but otherwise deny any allegation that Defendants violated the FLSA.

53.     Defendants deny the allegations contained in Paragraph 53 of the Complaint.

54.     Defendants deny the allegations contained in Paragraph 54 of the Complaint.

55.     Defendants deny the allegations contained in Paragraph 55 of the Complaint.

LAW OFFICES

Peckar &
Abramson
A Professional Corporation

## FOURTH CLAIM
### (New York Labor Law – Unpaid Overtime)

56.     Defendants repeat and reallege their responses to Paragraphs 1 through 55 of the Complaint as if fully set forth herein.

57.     The allegations contained in Paragraph 57 of the Complaint contain legal conclusions to which no response is required from Defendants.  To the extent a response is required, Defendants admit that the NYLL and supporting regulations requires employers to pay non-exempt employees an overtime wage for all hours worked over 40 hours per week but otherwise deny any allegation that Defendants violated the NYLL.

58.     Defendants deny the allegations contained in Paragraph 58 of the Complaint.

59.     Defendants deny the allegations contained in Paragraph 59 of the Complaint.

60.     Defendants deny the allegations contained in Paragraph 60 of the Complaint.

## FIFTH CLAIM
### (New York Labor Law – Wage Theft Prevention Act)

61.     Defendants repeat and reallege their responses to Paragraphs 1 through 60 of the Complaint as if fully set forth herein.

62.     The allegations contained in Paragraph 62 of the Complaint contain legal conclusions to which no response is required from Defendants.

63.     The allegations contained in Paragraph 63 of the Complaint contain legal conclusions to which no response is required from Defendants.

64.     Defendants deny the allegations contained in Paragraph 64 of the Complaint.

65.     Defendants deny the allegations contained in Paragraph 65 of the Complaint.

66.     Defendants deny the allegations contained in Paragraph 66 of the Complaint.

67.     Defendants deny the allegations contained in Paragraph 67 of the Complaint.

LAW OFFICES

Peckar &
Abramson
A Professional Corporation

68.    Defendants deny the allegations contained in Paragraph 68 of the Complaint.

## PRAYER FOR RELIEF

Defendants deny that Plaintiff is entitled to any type of remedy, relief or damages in this action, including any of the relief sought in subparagraphs "a" through "j" contained therein.

## AFFIRMATIVE DEFENSES

Without assuming the burden of proof where such burden properly rests with Plaintiff, Defendants hereby assert, as and for their defenses to the claims asserted in the Complaint by Plaintiff on his own behalf on behalf, as follows:

## FIRST AFFIRMATIVE DEFENSE

The Complaint, in whole or in part, fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

Defendant Georgia I. Kiriakakis is not a proper defendant in this action as she was not Plaintiff's "employer" within the scope of the FLSA and NYLL.

## THIRD AFFIRMATIVE DEFENSE

Defendant Jimmy Kiriakakis is not a proper defendant in this action as he was not Plaintiff's "employer" within the scope of the FLSA and NYLL.

## FOURTH AFFIRMATIVE DEFENSE

The actions of Plaintiff prevented Defendants from acquiring knowledge that Plaintiff performed any work for which he was not compensated, or alternatively, Defendants had no knowledge that Plaintiff was engaging in overtime work and Plaintiff failed to notify Defendants or deliberately prevented Defendants from acquiring knowledge of the overtime

LAW OFFICES

Peckar &
Abramson
A Professional Corporation

7

work, such that Defendants did not suffer or permit Plaintiff to work in violation of the FLSA and/or NYLL.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiff was properly paid for all hours worked.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the provisions of the Portal-to-Portal Act, 29 U.S.C. § 251, *et seq.*, because actions taken in connection with Plaintiff's compensation were done in good faith, in conformity with and reliance upon written administrative regulations, orders, rulings, approvals, interpretations, and written and unwritten administrative policies or enforcement policies of the Administrator of the Wage and Hour Division of the U.S. Department of Labor.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims may be subject to the *de minimis* rule, 29 C.F.R. § 785.47, because they involve insignificant amounts of overtime.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiff was given notice of the tip credit provisions of the FLSA and NYLL and/or Defendants' intent to apply a tip credit to those employees' wages.

## NINTH AFFIRMATIVE DEFENSE

To the extent that Plaintiff sets forth claims for equitable relief in his Complaint, said claims are barred by the equitable doctrines of laches, unclean hands, waiver and estoppel.

## TENTH AFFIRMATIVE DEFENSE

Plaintiff was not a victim of any common plan or policy that violated the law.

LAW OFFICES

Peckar &
Abramson
A Professional Corporation

8

### ELEVENTH AFFIRMATIVE DEFENSE

Defendants, at all times, acted in good faith to comply with the FLSA and the NYLL and with reasonable grounds to believe that their actions did not violated the statutes cited in the Complaint, which good faith prohibits the recovery of liquidated damages.

### TWELFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by Section 4 of the Portal-to-Portal Act, 29 U.S.C. § 254, as to all hours during which he was engaged in certain activities that were preliminary or post-liminary to his principal activities.

### THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by all applicable statute of limitations.

### FOURTEENTH AFFIRMATIVE DEFENSE

If Plaintiff succeeds in establishing any violation of the FLSA or NYLL, and to the extent any sums are found due and owing to Plaintiff, Defendants are entitled to a set-off against said sums to the extent paid, tendered, waived, compromised, and/or released prior to the adjudication herein, including but not limited to those amounts paid, tendered, waived, compromised, and/or released through any other proceeding, either formal or informal, or to the extent any additional compensation was paid to Plaintiff over and above his wages.

### FIFTEENTH AFFIRMATIVE DEFENSE

Any claim for additional compensation by Plaintiff must be reduced by compensation already paid to Plaintiff for periods not compensable under the FLSA and NYLL.

LAW OFFICES

Peckar &
Abramson
A Professional Corporation

## SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiff was, at all relevant times, paid in accordance with all applicable minimum wage and overtime statutes and regulations.

## SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiff 's claims are barred or should be reduced, in whole or in part, by exclusions, exceptions, credits, recoupments or other offsets permissible under the FLSA and/or NYLL.

## EIGHTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claim to injunctive relief is improper and should be dismissed because Plaintiff no longer works for Three Star.

## NINETEENTH AFFIRMATIVE DEFENSE

At all times, Defendants made complete and timely payment of all wages due to Plaintiff under the NYLL and reasonably believed that Plaintiff was provided with adequate notice of wage information pursuant to NYLL § 195(1).

## TWENTIETH AFFIRMATIVE DEFENSE

Neither liquidated damages nor attorneys' fees may be awarded under NYLL § 198 on a claim for spread of hours pay because spread of hours pay is neither a wage nor a wage supplement.

**WHEREFORE**, Defendants demand the following:

a.     Judgment dismissing the Complaint in its entirety with prejudice;

b.     Judgment granting Defendants costs and reasonable attorney's fees incurred in this action; and

c.     Together with such other and further relief as the Court deems just and proper.

LAW OFFICES

Peckar &
Abramson
A Professional Corporation

10

PECKAR & ABRAMSON, P.C.

By: _____
       */s/ Kevin J. O'Connor*

       KEVIN J. O'CONNOR
       Attorneys for Defendants
       1325 Avenue of the Americas, 10th Floor
       New York, New York 10019
       (212) 382-0909

Dated: New York, New York
        December 26, 2018

LAW OFFICES

**Peckar &
Abramson**

A Professional Corporation

11

## DECLARATION OF SERVICE

I declare that, on this date, a copy of this Answer with Affirmative Defenses was

electronically served pursuant to Local Civil Rule 5.2 upon counsel for Plaintiff as follows:

Adam Braverman, Esq.
Braverman Law PC
450 Seventh Avenue, Suite 1308
New York, NY 10123
Attorneys for Plaintiff

Dated: December 26, 2018

By: _____
/s/ Kevin J. O'Connor
KEVIN J. O'CONNOR

LAW OFFICES

**Peckar &
Abramson**

A Professional Corporation

12